IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**JERRY MARSHALL**
**#272-424**  **PLAINTIFF**

V.  NO. 4:24-cv-01054-KGB-ERE

**COLEMAN,** *et al*.  **DEFENDANTS**

## RECOMMENDED DISPOSITION

### I. Procedure for Filing Objections

This Recommendation has been sent to United States District Chief Judge Kristine G. Baker. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Chief Judge Baker can adopt this Recommendation without independently reviewing the record.

### II. Background

*Pro se* plaintiff Jerry Marshall, a pre-trial detainee at the Pulaski County Detention Facility, filed this lawsuit under 42 U.S.C. § 1983. *Doc. 2*. Mr. Marshall's complaint alleges that, although he is a non-smoker, Defendants Deputy Coleman, Deputy Holmes, and Deputy Ross have been deliberately indifferent to his safety by exposing him to secondhand smoke. He seeks monetary and injunctive relief.

Although Mr. Marshall has arguably stated a plausible deliberate indifference claim against each Defendant, he sued Defendants only in their official capacities. Under the law, Mr. Marshall's official-capacity claims are treated as claims against Pulaski County, Defendants' employer. *Brewington v. Keener,* 902 F.3d 796, 800 (8th Cir. 2018). Pulaski County cannot be held vicariously liable under § 1983 for the acts of county employees. *Id.* at 800-01 (citing *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694-95 (1978)).

Although not automatically legally responsible for constitutional violations committed by employees, Pulaski County can face § 1983 liability when its own policies, customs, or practices cause constitutional deprivations. *Brewington,* 902 F.3d at 801-02; *Corwin v. City of Independence, Missouri,* 829 F.3d 695, 699-700 (8th Cir. 2016). But Mr. Marshall's complaint contains no allegations suggesting that a Pulaski County policy, practice, or custom caused his injury. As a result, the current complaint fails to allege facts to support a plausible official-capacity claim against any named Defendant.

On December 2, 2024, the Court entered an Order explaining to Mr. Marshall that his original complaint was deficient. *Doc. 4*. The Court gave Mr. Marshall an opportunity to file an amended complaint correcting the pleading deficiencies and warned him that the failure to do so would likely result in dismissal of this case. *Id. at 4*.

To date, Mr. Marshall has not filed an amended complaint, and the time to do so has passed. The Court will therefore screen Mr. Marshall's original complaint, as required by 28 U.S.C. § 1915A.

### III.   Discussion

#### A.   Screening

Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

#### B.   Official Capacity Claims

As explained above, Mr. Marshall's official-capacity claims are treated as claims against Pulaski County, Defendants' employer. *Brewington v. Keener, supra.* Pulaski County cannot be held vicariously liable under § 1983 for the acts of county employees. *Id.* at 800-01 (citing *Monell v. New York City Dept. of Social Services*,

*supra*). Because Mr. Marshall's complaint does not allege that he suffered any constitutional injury as a result of any Pulaski County policy or practice, his complaint fails to state a plausible constitutional claim for relief.

## IV. Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Marshall's complaint be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2. The Clerk be instructed to close this case.

3. The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

4. In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

DATED 8 January 2025.

_____
UNITED STATES MAGISTRATE JUDGE